# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | |
| NICHOLAS BLACKWELL, | Case No. 3:07-cr-00044-TMB-1 |
| Defendant. | |

## ORDER OF DISMISSAL

On April 11, 2014, Nicholas Blackwell, a self-represented federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Rule 4 of the Rules Governing Section 2255 Cases requires the Court to review the motion to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," and if so, "the judge must dismiss the motion."[2]

Blackwell was convicted and sentenced, pursuant to a plea agreement, on November 30, 2007.[3] He argues, however, that a 2013 Supreme Court case, *United States v. Alleyne*,[4] should apply retroactively to his case. But this Court agrees with other courts that have addressed the issue, and finds that *Alleyne*

---

[1] Docket 542.
[2] Rules Governing § 2255 Cases in the United States District Courts, Rule 4.
[3] Dockets 248, 252, 337, 357; *see also* 28 U.S.C. § 2255(f)(1) (1-year statute of limitations).
[4] *United State v. Alleyne*, ___ U.S. ___, 133 S.Ct. 2151 (2013).

does not apply retroactively. The United States District Court for the Southern District of California explains as follows:

> There are two categories of cases that apply retroactively (1) new substantive rules, including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish"; and (2) new "watershed rules of criminal procedure" which "implicate[ ] the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin,* 542 U.S. 348, 351-52 . . . (2004) (quoting *Teague v. Lane,* 489 U.S. 288, 311 . . . (1989)). In *Schriro,* the Supreme Court held that its decision in *Ring v. Arizona,* 536 U.S. 584 . . . (2002), which applied *Apprendi* to Arizona's law governing the imposition of the death penalty, does not apply retroactively because *Ring* announces a procedural rule and does not qualify as a "watershed rule of criminal procedure." The reasoning in *Schriro* applies equally to *Alleyne,* which, like *Ring,* is an extension of *Apprendi. In re Payne,* 733 F.3d 1027, 1030 (10th Cir. 2013); *United States v. Redd,* 735 F.3d 88, 91-92 (2d Cir. 2013) (*"Alleyne* did not announce a new rule of law made retroactive on collateral review.").[5]

Thus, because the Court finds that *Alleyne* does not apply retroactively, this action must be dismissed.[6]

---

[5] *United States v. Puzon-Baton*, 2014 WL 1248010 *1 (S.D.Calif. March 24, 2014); *see also In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) ("Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. *Tyler v. Cain,* 533 U.S. 656, 662-63 . . . (2001). *Alleyne* is a direct criminal appeal, *see Alleyne,* 133 S.Ct. at 2155–56, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("§ 2255(h)(2) applies only when the new rule has been 'made retroactive to cases on collateral review by the Supreme Court'. The declaration of retroactivity must come from the Justices. . . . The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack. *Alleyne* is an extension of *Apprendi* [and] [t]he Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review.") (citing *Dodd v. United States,* 545 U.S. 353 (2005), and *Tyler v. Cain, supra*).

[6] Further, Blackwell entered a guilty plea. *See Puzon-Baton* at *1 ("In *Alleyne,* the Supreme Court overruled *Harris v. United States,* 536 U.S. 545 . . . (2002), and held that any fact that increases the mandatory minimum sentence is an element of the

**IT IS THEREFORE ORDERED:**

1. The Motion under 28 U.S.C. § 2255, at Docket 542, is DISMISSED with prejudice.

2. The Motions at Dockets 543 and 544 are DENIED.

3. The Clerk of Court is directed to enter a Judgment in this case.

4. A Certificate of Appealability will be DENIED.[7]

Dated at Anchorage, Alaska this 23 day of April, 2014.

TIMOTHY M. BURGESS
United States District Judge

---

offense and must be submitted to the jury and found beyond a reasonable doubt.").

[7] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (When the district court denies a habeas corpus petition on procedural grounds and fails to reach the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").