**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Nicholas Blackwell*
Case No. 3:07-cr-00044-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on pro se Defendant Nicholas Blackwell's "Motion Under Rule 36 of the Federal Rules of Criminal Procedure to Correct a Clerical Error in the Record" (the "Motion").[1] Defendant seeks to clarify the grammatical construction of a sentence in his Presentence Investigation Report ('PSR').[2] The Government did not file any response. For the reasons discussed below, the Motion is **GRANTED**.

On August 21, 2007, Defendant pleaded guilty to Conspiracy in Relation to Controlled Substance Trafficking, a violation of 21 U.S.C. §§ 846 and 841(a)(1), and Possession of Firearms in Furtherance of Drug Trafficking, a violation of 18 U.S.C. § 924(c)(1)(A)(i).[3] The Plea Agreement constrained both parties to recommend a term of imprisonment of 210 months.[4] In advance of the sentencing hearing, the U.S. Probation Office prepared a PSR.[5] The PSR acknowledged the impact of the Plea Agreement, stating, "The plea agreement also did not anticipate the State sentencing and its impact on the defendant's criminal history category, leaving the agreed-upon recommended sentence of 210 months below the guideline range."[6] On November 26, 2007, Defendant was sentenced to 210 months of imprisonment and five years of supervised release.[7]

Defendant now seeks to correct the above sentence in the PSR.[8] He argues that phrasing "gives the impression that [Defendant] got a sentence that was 210 months BELOW [his] guideline range" rather than a total sentence of 210 months, which is below his guideline range.[9] Instead, Defendant suggests changing the sentence to "The plea agreement also did not anticipate the state sentence and its impact on the defendant's criminal history category, leaving the agreed-upon recommended sentence of 210 months, which is 18 months below the guideline range."[10]

---

[1] Dkt. 660 (Motion).
[2] *Id.* at 1.
[3] Dkt. 252 (Minute Entry).
[4] Dkt. 248 at 9–10 (Plea Agreement).
[5] Dkt. 316 (PSR).
[6] *Id.* at 25.
[7] Dkts. 337 (Minute Entry); 357 (Judgment).
[8] Dkt. 660 at 1.
[9] *Id.* (capitalization in original).
[10] *Id.*

1

Federal Rule of Criminal Procedure 36 allows a court "at any time correct a clerical error in a judgment, order, or other part of the record or correct an error in the record arising from oversight or omission." Rule 36 does not allow "reassessment of the merits of an earlier decision."[11]

Because Defendant's requested correction seeks only to clarify the record and would not reopen any substantive decisions, the Motion is **GRANTED**. The U.S. Probation Office is directed to issue a revised PSR with the following correction:

The last sentence of paragraph 97 shall read, "The plea agreement also did not anticipate the State sentencing and its impact on the defendant's criminal history category, leaving the agreed-upon recommended sentence of 210 months, which is 18 months below the guideline range."

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 3, 2020.

---

[11] *United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979).