## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Nicholas Blackwell*
Case No. 3:07-cr-00044-TMB-1

By:          THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:          ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Nicholas Blackwell's *pro se* Motion for discharge of the remainder of his federal sentence,[1] which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582.[2] Blackwell argues that the COVID-19 pandemic and its impact on his life, coupled with his clean disciplinary record while incarcerated, warrants a sentence reduction in his case.[3] The Government opposes the Motion.[4] For the reasons discussed below, the Motion is **DENIED**.

On August 21, 2007, Blackwell pleaded guilty to Drug Conspiracy and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i), and the Court sentenced him to 210 months, with a term of five years of supervised release to follow.[5] On July 29, 2016, Blackwell's sentence was reduced to 200 months of imprisonment.[6] Blackwell is scheduled to complete his sentence on July 5, 2021.[7] Blackwell is

---

[1] Dkt. 661 (Motion). Counsel for Blackwell filed a notice of appearance but later filed a notice to withdraw; when no amended Motion was filed, the Court ordered a response from the Government and took the *pro se* Motion under advisement. *See* Dkts. 668 (Text Order Setting Deadline to File Amended Motion); 671 (Motion to Withdraw); 672 (Text Order Denying Defense Counsel's Motion to Withdraw).

[2] *See* Dkts. 671; 673 (Motion for Extension of Time to File Response); *see also United States v. Numann*, No. 3:16-cr-00065-TMB, 2020 WL 1977117, at *2 (D. Alaska Apr. 24, 2020) (observing that a defendant seeking release to serve the remainder of his sentence in home confinement was "not necessarily seeking a reduction in sentence but rather a modification of the manner in which he serves his sentence" and noting that § 3582(c)(1)(A) "specifically modifies the length of custodial sentence"; still considering defendant's motion under compassionate release statute).

[3] Dkt. 661 at 1–2.

[4] Dkt. 675 (Opposition)

[5] Dkts. 154 (First Superseding Indictment); 248 (Plea Agreement); 252 (Minute Entry); 357 (Judgment) (noting the term of 210 months consist of 150 months on Count 1 and 60 months on Count 2 to be served consecutively to Count 1, and noting the sentence imposed and term of release is to be served consecutively to the term of incarceration imposed in *State of Alaska v. Nicholas A. Blackwell*, case 3AN-06-8360-CR); 663 (Revised Final Presentence Report ("PSR")).

[6] Dkts. 629 (Order Granting Motion to Reduce Sentence); 665 (United States Probation Officer ("USPO") Report).

[7] Dkt. 665 at 2.

1

currently incarcerated at Bureau of Prison ("BOP") Federal Correctional Institution Mendota ("FCI Mendota").[8] Following completion of his sentence in the present case, Blackwell will begin serving a fourteen-year sentence in the custody of the Alaska Department of Corrections ("DOC").[9]

Blackwell requests that that remainder of his federal sentence be discharged or be modified to run concurrently with his upcoming state sentence.[10] Blackwell complains that due to BOP facility COVID-19 safety measures, he is being held in his cell for twenty-two-and-one-half hours per day and is unable to participate in programs or receive visits from his mother.[11] Blackwell points out that he has not had a single disciplinary incident the entire time he has remained in BOP custody and has used his time to better himself, completing numerous courses, obtaining an Associate Degree, and receiving various certifications.[12]

The Government opposes the Motion and responds that Blackwell has failed to meet his burden to establish a sentence reduction is warranted.[13] The Government acknowledges that Blackwell has less than a year remaining on his current sentence and that following completion, he will beginning serving a fourteen-year sentence in state custody for First-Degree Assault.[14] The Government argues that Blackwell has failed to identify any medical condition that puts him at greater risk were he to contract COVID-19 and points out that general concerns about the pandemic do not justify early release.[15] The Government further argues that given Blackwell's criminal history and federal convictions demonstrating repeated violence, use of firearms, and large-scale drug distribution, and the Court's previous reduction of his sentence, the § 3553(a) factors weigh against an early termination of his sentence.[16] Finally, the Government points out that even if Blackwell is transferred to DOC custody to be closer to his mother, that DOC, like BOP, has suspended all visitation during the ongoing pandemic.[17]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[18] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[19] The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides that "extraordinary and compelling reasons" may exist where "[t]he

---

[8] *Id.*; Dkt. 675 at 2.

[9] Dkt. 665 at 2; *see also* Dkt. 357.

[10] Dkt. 661 at 1–2.

[11] *Id.* at 1.

[12] *Id.*; *see also* Dkts. 661-1–661-2 (Coursework and Certification Attachments); 665 at 1.

[13] Dkt. 675 at 1–2, 5–6.

[14] *Id.* at 1–2.

[15] *Id.* at 1–2, 5–6.

[16] *Id.* at 7–8.

[17] *Id.* at 6.

[18] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[19] 18 U.S.C. § 3582(c)(1).

2

defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[20] Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

As a threshold matter, the Court finds that Blackwell has exhausted his administrated remedies, and the Government concedes as much.[21] Blackwell submitted a request to the Warden of FCI Mendota on August 6, 2020, and his request was denied by the Acting Warden on August 21, 2020.[22] Blackwell has not provided information about whether he appealed the Warden's decision; however, courts have found that this is not a bar to deciding a motion for compassionate release on the merits.[23] Thirty days have passed since Blackwell's request, and review by this Court is appropriate.[24]

Turning to the merits, Blackwell has failed to show extraordinary and compelling circumstances warranting compassionate release. Blackwell is a healthy thirty-six-year-old man with seemingly zero medical conditions that would put him at a higher risk for serious complications if he contracted COVID-19 or that prevent him from exercising self-care.[25] Moreover, the Court has previously concluded that the risk of contracting COVID-19 alone is not grounds for compassionate release,[26] and Blackwell's risk appears low given the low number of cases at FCI Mendota.[27] Additionally, it is unclear from Blackwell's Motion how long he has been subject to restrictive confinement as a result of BOP attempts to prevent the spread of COVID-19,[28] but

---

[20] U.S.S.G. §1B1.13

[21] Dkt. 675 at 4.

[22] Dkts. 675-2 (Request to Warden); 675-3 (Warden Denial).

[23] *See, e.g.*, *United States v. Fields*, 457 F. Supp. 3d 726, 729–30 (D. Alaska 2020) (stating that "[n]umerous courts have found that a defendant satisfies the exhaustion requirement simply by making a formal initial request and allowing thirty days to elapse . . . even where the warden denies the request within thirty days.") (citations omitted); *United States v. Strain*, No. 3:97-cr-00004-TMB, 2020 WL 1977114, at *4 (D. Alaska Apr. 24, 2020) (finding administrative exhaustion where the warden rejected defendant's request for compassionate release on a basis of harshness of sentence); *United States v. Wilson*, No. 3:10-cr-00067-TMB-9 (D. Alaska Nov. 3, 2020) (Dkt. 682) (finding administrative exhaustion where warden denied request).

[24] Dkt. 675-2.

[25] Centers for Disease Control and Prevention, Coronavirus Disease (2019), Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Dec. 11, 2020); Dkt. 677-1 (Medical Records).

[26] *See Numann*, No. 3:16-cr-00065-TMB, 2020 WL 1977117, at *3.

[27] There are presently five cases of COVID-19 among inmates at FCI Mendota, and six staff members who have tested positive. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Dec. 11, 2020) (tracking the number of COVID-19 cases in BOP facilities on a daily basis).

[28] *See* Dkt. 661 at 1.

measures that limit inmate movement, including solitary confinement as a COVID-19 prevention measure, do not necessarily justify compassionate release.[29]

Turning to the § 3553(a) factors, although Blackwell has served the majority of his federal sentence, his current and prior convictions involved crimes of violence with firearms and such that a "discharge" of the remainder is not appropriate. Since Blackwell asks to be moved to DOC to serve the remainder of his current sentence concurrently with his state sentence, whether he remains a danger to community is mitigated. However, as the Court previously concluded, a concurrent sentence is not appropriate.[30] Moreover, it is unclear to the Court whether Blackwell would be safer in DOC custody—as opposed to BOP custody—under less severe COVID-19-related restrictions, and able to see visitors. While is it admirable that Blackwell has completed numerous courses and certifications, has no disciplinary history while in custody, and has clearly used his time while incarcerated for self-improvement,[31] such choices alone do not justify compassionate release.

Accordingly, the Motion at Docket 661 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 18, 2020

---

[29] *See United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *1–2 (N.D. Cal. Nov. 9, 2020) (denying compassionate release where an inmate sought early release based on the harsh conditions of a BOP COVID-related lockdown, nothing that the court did "not foreclose the possibility that conditions of confinement – by themselves – could justify a reduction of sentence" but that "the conditions of confinement must be, per the language of § 3582(c), extraordinary and compelling" and that civil remedies, such as a *Bivens* suit, are normally appropriate avenue to challenge conditions of confinement); *but see United States v. Regas*, No. 3:91-cr-00057-MMD-NA-1, 2020 WL 2926457, at *3, *6 (D. Nev. June 3, 2020) (granting a defendant's motion for compassionate release after finding, among other things, "that placing [d]efendant in solitary confinement for the indefinite future to protect him from contracting COVID-19 is a severe and extreme measure under these circumstances" and that defendant was "isolated in his cell for 22.5 hours a day, despite his elderly age and good behavior over the past 27 years in prison.").

[30] *See* Dkt. 357; Dkt. 316 at 2–3 (Final PSR") (noting that the conduct underlying the state offense is not accounted for in the guidance calculations and recommending against a concurrent sentence).

[31] *See* Dkts. 661-1; 661-2.

4